AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the
Northern District of New York

**UNITED STATES OF AMERICA**
**v.**

**Thi Thu Thao HOANG, Thi Thanh NGUYEN, and Thi Quynh Phuong VO,**

**Defendants.**

Case No. 8:26-PO-53 (ML)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of June 11, 2026, in the county of Franklin in the Northern District of New York the defendant violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 8 U.S.C. § 1325(a)(1) | The defendants, aliens, entered the United States at a time and place other than as designated by immigration officers. |

This criminal complaint is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

Andrew Kraengel 6/12/2026 at 1:44 PM
*Complainant's signature*

U.S. Border Patrol Agent Andrew L. Kraengel
*Printed name and title*

Attested to by the Affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: June 15, 2026

Miroslav Lovric
*Judge's signature*

City and State: Binghamton, New York

Hon. Miroslav Lovric, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Andrew L. Kraengel, hereby depose and state under penalty of perjury:

1. I am a Border Patrol Agent ("BPA") with the United States Department of Homeland Security ("DHS"), Agency of Customs and Border Protection ("CBP"), United States Border Patrol ("USBP") assigned to the Burke Border Patrol Station. I have been a law enforcement officer for CBP since 2011 beginning with the USBP as an agent assigned to Ajo Station in Arizona. In 2014, without a break in service, I became a Customs and Border Protection Officer, assigned to the Buffalo, NY Port of Entry and later to the Massena, NY Port of Entry. In 2024, without a break in service, I reinstated with the USBP.

2. My primary duty is to assist in the prevention of illicit trafficking of people and contraband between the official ports of entry. My authority to perform this mission is articulated in the Immigration and Nationality Act, sections 235 and 287, and Title 8 U.S.C. Section 1357. These bodies of law relate to, among other things, a Border Patrol Agent's authority to interrogate any alien or person believed to be an alien, and to make an arrest of any alien who is entering or attempting to enter the United States in violation of the immigration laws. To enforce these laws, I have received training at the Federal Law Enforcement Training Centers in Artesia, New Mexico & Glynco, Georgia in Law, Operations, Firearms, Driving Techniques, and Physical Techniques.

3. This affidavit is based in part on information provided to me by others and from law enforcement and immigration databases. It does not set forth all my knowledge about the investigation.

4. I submit this affidavit in support of a criminal complaint charging defendants Thi Thu Thao HOANG, Thi Thanh NGUYEN, and Thi Quynh Phuong VO, with violating 8 U.S.C. § 1325(a)(1), which prohibits any alien, that is, any person who is not a citizen or national of the United States, from entering or attempting to enter the United States "at any time and place other than as designated by immigration officers."

## PROBABLE CAUSE

5. Between Sunday June 7, 2026, and Monday June 8, 2026, Border Patrol Agents conducted surveillance on a black Ford Explorer ("Explorer") bearing New York license plate MBW5414 based upon information received from the New York State Police. The New York State Police informed agents that they stopped the black Explorer for a traffic violation on Interstate 87 and encountered Z.Z. and Y.Y., who displayed behavior consistent with cross-border smuggling activity. During surveillance of the Explorer, agents witnessed a female exit that vehicle and enter a pickup truck which eventually went north into Canada near Cornwall, Ontario. Akwesasne Mohawk Police Service ("AMPS") observed an individual exit from the pickup truck into the trunk of a silver sedan. During the northbound entry into Canada, the silver sedan, attempted to avoid inspection but was apprehended, as the driver was attempting to smuggle that same female into Canada.

6. On Thursday, June 11, 2026, Agents again conducted surveillance on the Explorer as it was parked in the Aldi grocery store parking lot in Saranac Lake, New York. Agents again visually identified Z.Z., who was sitting in the back passenger seat with his window down and appeared to be using his cellular phone. At approximately 1:45 PM, the Explorer left the grocery store parking lot and fueled up at the adjacent gas station. At approximately 1:55 PM, Agents observed the Explorer leaving the gas station and proceed westbound on State Route 86. Agents conducted mobile surveillance and followed the vehicle to the Paul Smith's Visitor Interpretive Center ("VIC") in Paul Smiths, New York, where it parked in the southwest lot with no other vehicles nearby. At approximately 2:00 PM, Agents, positioned in the neighboring lot to the northeast with visual access to the passenger side of the vehicle, observed Z.Z. exiting his vehicle and appearing to speak to someone on his phone. Approximately five minutes later, a black 2010 Chevrolet Avalanche ("Avalanche") bearing New York license plate MDS2906 drove through all parking lots at the VIC and parked approximately fifty yards away from agents. The driver (a middle-aged white male, balding, with facial hair, tattoos on his torso, unkept khaki shorts, and white sneakers) exited the Avalanche, walked toward the VIC, and promptly returned to his vehicle, which then appeared to leave the facility. Agents continued surveillance on the Explorer. Approximately five minutes later,

the Avalanche returned to the VIC, again passing through all parking lots and circling back to the Explorer at the corner of the parking lot. The Avalanche parked along the passenger side of the Explorer. Agents observed a female, later identified as Thi Thu Thao HOANG ("HOANG"), exit the rear passenger side of the Avalanche and run to enter the rear passenger side of the Explorer. At that time, the Explorer left the VIC parking lot and proceeded toward State Route 30. An Agent stationed at the intersection of State Route 30 and State Route 86 observed the Explorer pass his location and turn south on State Route 86. Agents proceeded to follow the Explorer and conducted a vehicle stop.

7. At approximately 2:35 PM, Agents activated their emergency equipment, and the Explorer yielded immediately. Agents approached the vehicle and identified themselves as USBP Agents. Upon approach, Agents noticed that the front passenger seat was empty, with two female passengers in the second row, and a third female passenger in the third row. The passengers were later identified as HOANG, Thi Thanh NGUYEN ("NGUYEN"), and Thi Quynh Phuong VO ("VO"). The driver, identified as Z.Z., was asked where he was coming from, and he replied, "New York City." When asked again where he had just come from, he stated he had just been walking and pointed behind him. Z.Z. appeared nervous and hesitant to answer questions. When asked about the subjects in the rear of his vehicle, he stated they were his friends. The driver was asked to roll down the rear window. The three rear passengers were then asked to state their citizenship; they stared and did not answer. The driver was asked if he could communicate with them, and he stated he did not speak Vietnamese. Using the CBP phone translator, the subjects were asked if they had any documents authorizing them to be in the United States legally, to which they shook their heads no. The subjects were then asked via CBP phone translator if they were in the United States illegally; they shook their heads yes and then no. Roadside record checks and review of the subjects' Vietnamese passports revealed that they did not have any documents authorizing them to be in, pass through, or remain in the United States legally.

8. The subjects were detained and transported to the Burke Border Patrol Station for further record checks, processing, and interviews. Record checks at the station confirmed that the three female passengers are Vietnamese citizens with no record of legal entry into the United States.

9. During an interview at the station, HOANG, NGUYEN, and VO were issued Miranda warnings and agreed to answer questions without the presence of a lawyer. During their interviews, each of them confirmed that they began their day, June 11, 2026, in Canada and they did not enter the U.S. through a designated Port of Entry and did not possess any U.S. visa. HOANG, NGUYEN, and VO each claimed that they had entered Canada on a Canadian work visa within the past thirty days.

10. HOANG, NGUYEN, and VO did not have any valid U.S. immigration documents allowing them to enter or remain in the United States legally. Records show that they have never applied, nor has anyone applied on their behalf, for any valid U.S. immigration documents allowing them to enter or remain in the United States legally. Nationals and Citizens of Vietnam are required to apply for a visa if they seek to enter the United States. Vietnamese citizens who are issued a visa by the United States government are required to present the visa and the person's passport to an immigration official at a Port of Entry as he or she seeks admission into the United States. HOANG, NGUYEN, and VO do not possess valid visas. If HOANG, NGUYEN, and VO had presented themselves at a Port of Entry and asked permission to enter the United States, each of them would have been denied admission as they do not possess any valid United States visa.

**<u>Conclusion</u>**

11. Based on the foregoing, I respectfully request the Court issue the proposed complaint charging the defendants with improper entry by an alien, in violation of 8 U.S.C. § 1325(a)(1).

//

//

//

//

Andrew Kraengel 6/12/2026 at 1:45PM
Andrew L. Kraengel
United States Border Patrol

I, the Honorable Miroslav Lovric, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on June 15 , 2026 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Miroslav Lovric
Honorable Miroslav Lovric
UNITED STATES MAGISTRATE JUDGE